IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MALAQUIAS WALLACE,

    Plaintiff,

v.                                   CIVIL ACTION NO. 5:06-00014

CROSSROADS HOSPITALITY
COMPANY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Crossroads Hospitality Company, LLC ("Crossroads") (Doc. No. 5). Defendant's motion to dismiss relates only to plaintiff's public policy claim, stated in Paragraph Nine of the complaint. (Doc. No. 1 Ex. A ¶ 9.) Plaintiff has filed no response. For the reasons detailed herein, Crossroads' motion to dismiss is granted.

### I. Introduction

This case is before the court upon defendant's removal from the Circuit Court of Fayette County, West Virginia. (See Doc. 1.) Plaintiff's complaint, filed in the county Circuit Court on December 7, 2005, asserts causes of action arising from the alleged sexual harassment and subsequent termination of plaintiff from his position at the Dories Grill, a business owned by defendant. (Doc. 1 Ex. A.) Although the complaint asserts multiple causes of action, the motion to dismiss currently before the court relates only to plaintiff's public policy claim, stated in its entirety as follows: "The acts of the Defendant violate West Virginia Public Policy." (Doc. 1 Ex. A ¶ 9.)

## II. Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing such a motion to dismiss, this court accepts as true the facts as alleged in the complaint, views them in the light most favorable to the plaintiff, and recognizes that dismissal is inappropriate unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved in support of his claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Plaintiff must allege facts in the complaint sufficient to support the claimed legal conclusion. See Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001). Although pleading requirements are liberal, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Id. (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

## III. Analysis

In Harless v. First National Bank in Fairmont, 246 S.E.2d 270 (W. Va. 1978), the West Virginia Supreme Court of Appeals[*] recognized for the first time a public policy exception to the traditional rules governing at will employment in West Virginia:

> We conceive that the rule giving the employer the absolute right to discharge an at will employee must be tempered by the further principle that where the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge.

Id. at 275.

---

[*] Under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 78 (1938), the court has applied state substantive law.

Subsequently, in Birthisel v. Tri-Cities Health Services Corp., 424 S.E.2d 606 (W. Va. 1992), the court explained that sources of such public policy principles include "established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions." Id. at 612. Furthermore, it is inherent in the term "substantial public policy" that "the policy will provide specific guidance to a reasonable person." Id.

No such guidance is provided where a plaintiff, as in the present case, cites no authority of any kind to support his public policy claim. This type of pleading practice will not survive a motion to dismiss under Rule 12(b)(6). For example, in Owen v. Board of Education, 441 S.E.2d 398 (W. Va. 1994), the court upheld dismissal under Rule 12(b)(6) where the complaint in question contained no specific facts identifying the event or policy upon which plaintiff relied, despite the complaint's general citation to an act of the West Virginia legislature and an act of the United States Congress in support of the public policy claim. Id. at 399. Similarly, in Wilhelm v. West Virginia Lottery, 479 S.E.2d 602 (W. Va. 1996), dismissal was upheld where the plaintiff claimed relief on the basis of a public policy against discrimination. In so holding, the court noted that, although "discrimination" is a "value laden term, the mere use of the term without identifying the public policy . . . is insufficient to state a claim for relief." Id. at 606.

Because plaintiff's public policy cause of action amounts to no more than the type of "bald statement" of a claim derided in Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)), defendant's motion to dismiss must be granted.

## IV. Conclusion

Although the standard of review employed by the court upon a motion to dismiss is decidedly forgiving to plaintiffs, it will not allow for the type of general and unsupported

3

statement of a claim employed by plaintiff with regard to his public policy cause of action. Accordingly, defendant's motion to dismiss is **GRANTED**, and plaintiff's public policy claim, stated in Paragraph Nine of the complaint, is **DISMISSED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

IT IS SO ORDERED this 24th day of April, 2006.

ENTER: April 24, 2006

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE